108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 James T. KENNIE, Plaintiff-Appellant,
v.
WHITE PLAINS POLICE DEPARTMENT'S VICE CONTROL UNIT;
Detectives Thomas Morton # D32, Wade Hardy # D30, Dennis
Keidong # D8, of the White Plains Police Department; and
Officer Michael McKennis # 1044 of the New Rochelle Police
Department, Defendants-Appellees.
 
 No. 96-2669.
 United States Court of Appeals, Second Circuit.
 March 28, 1997.
 APPEARING FOR APPELLANT: JAMES T. KENNIE, PRO SE, MARCY, NEW YORK
 APPEARING FOR APPELLEE: JOSEPH A. MARIA, P.C., WHITE PLAINS, NEW YORK, FOR WHITE PLAINS POLICE DEPARTMENT'S VICE CONTROL UNIT; DETECTIVES THOMAS MORTON # D32, WADE HARDY # D30, DENNIS KEIDONG # D8, of the White Plains Police Department.
 PAMELA R. MILLIAN, ESQ., O'CONNOR, McGUINNESS, CONTE, DOYLE, OLESON & COLLINS, WHITE PLAINS, NEW YORK, FOR OFFICER MICHAEL McKENNIS
 PRESENT: Hon. John M. Walker Jr., Hon. Joseph M. McLaughlin, Hon. Harlington Wood Jr.,* Circuit Judges.
 SUMMARY ORDER
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Haight, J.), and was submitted.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Kennie appeals from the judgment of the district court dismissing plaintiff's 42 U.S.C. § 1983 claim pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1) on the ground that plaintiff failed to allege a violation of his constitutional rights. We affirm.
 
 
 3
 Kennie's primary argument on appeal is that the district court erred in finding that Kennie failed to state a claim by alleging that the named defendants perjured themselves before a secret grand jury and thereby caused Kennie to be indicted and tried. Kennie, who ultimately was acquitted of all charges following a jury trial, contends that as a result of the alleged perjury, he was falsely arrested, falsely imprisoned, maliciously prosecuted and defamed. He also asserts that his prosecution was incident to a seven-month investigation of illegal drug activities in White Plains, New York, and that defendants, in violation of the Equal Protection Clause, unlawfully discriminated against African-Americans and Hispanics in this investigation. Each of these claims is without merit.
 
 
 4
 To the extent that Kennie is alleging that his constitutional rights were violated because the defendants perjured themselves before the grand jury, resolution of the issue turns upon whether defendants are afforded absolute immunity against liability for their testimony. Generally, law enforcement officers who testify at pre-trial hearings are entitled to absolute immunity for their testimony. See Sykes v. James, 13 F.3d 515, 520-21 (2d Cir.1993). However, civil perjury claims are not barred by absolute immunity if the law enforcement officer's testimony is the means of "initiating a baseless prosecution." Id. at 520 (citing White v. Frank, 855 F.2d 956, 961 (2d Cir.1988)).
 
 
 5
 Assuming the truth of Kennie's factual allegations, Kennie does not show that defendants' alleged perjury initiated a "baseless prosecution." Officer McKennis, while undercover, purchased drugs three times on June 3 from the same individual, and the drugs purchased were put into envelopes labelled with Kennie's initials. Following the third sale, Officer McKennis reconfirmed the identification of the alleged dealer after viewing a photograph of Kennie. Kennie contends that defendants testified falsely before the grand jury that his photograph was viewed after each of the three sales on June 3, rather than only once, following all three sales. Irrespective of whether Officer McKennis viewed Kennie's photograph one, two, or three times, nothing in the record suggests that Officer McKennis was unable to recognize the individual with whom he had repeatedly interacted that evening.
 
 
 6
 Kennie also argues that the district court abused its discretion in dismissing his false arrest, false imprisonment, and malicious prosecution claims as pendent state law claims over which it had no subject matter jurisdiction. Contrary to the district court's characterization of these claims, we construe these claims to allege a violation of the Fourth Amendment. However, these claims were properly dismissed because Kennie fails to state a claim upon which relief can be granted.
 
 
 7
 Assuming the truth of Kennie's factual allegations, his arrest and prosecution appear to have been amply supported by probable cause, which precludes recovery for malicious prosecution, false arrest or false imprisonment. See Marshall v. Sullivan, Nos. 95-9286, 95-9288, 1996 WL 76405, at * 3 (2d Cir. Oct. 17, 1996) (to be reported at 105 F.3d 47). Officer McKennis viewed a photograph of Kennie, and determined that the individual pictured was the same individual from whom he had repeatedly purchased drugs earlier that evening. Kennie does not contend that Officer McKennis knew it was not the same individual. Rather, he speciously contends that the photograph identification was not reliable because in the photograph, half of his face appears darker than the other half, and furthermore, that it was prejudicial because the photograph was a "mug shot" from a prior arrest. None of this supports the inference that his arrest and prosecution were without probable cause.
 
 
 8
 Finally, Kennie argues that his constitutional rights were violated because his prosecution was incident to a discriminatory investigation of illegal drug activity in White Plains, New York. As evidentiary support of this claim, he presents statistical evidence to show that during the month in which he was arrested and charged, at least 90% of the 107 indictments handed down in White Plains involved African-Americans or Hispanics from low-income housing areas of White Plains. We reject this argument.
 
 
 9
 Kennie has presented no evidence that defendants were aware of people of other ethnicities and races who should have been indicted but--as a result of their ethnicity or race--were not. Cf. United States v. Armstrong, --- U.S. ----, 116 S.Ct. 1480, 1487 (1996) ("To establish a discriminatory effect in a [selective prosecution] case, the claimant must show that similarly situated individuals of a different race were not prosecuted."); Wards Cove Packing Co. v. Antonio, 490 U.S. 642, 650 (1989) (to the extent that racial imbalances in employer's work force are relevant, "[t]he 'proper comparison [is] between the racial composition of [the jobs at issue] and the relevant labor market' ") (quoting Hazelwood Sch. Dist. v. United States, 433 U.S. 299, 308 (1977)). In the absence of a meaningful comparison, Kennie's statistical argument fails to support the inference of unlawful discrimination.
 
 
 10
 We have carefully considered Kennie's remaining arguments, and find them all to be without merit. Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Harlington Wood Jr. of the United States Court of Appeals for the Seventh Circuit, sitting by designation